**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

CHOSEN FEW EMERALD ENTERTAINMENT, INC.,

*Plaintiff,*

v.

RANDY ORTIZ ACEVEDO, BLACK DIAMOND
MUSIC I CORP, CARLOS CORDERO, and NOTA
LOCA MUSIC CORP.,

*Defendants.*

-----------------------------------------------------------------x

Civil Action No. 1:25-cv-8979

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Chosen Few Emerald Entertainment, Inc. ("Plaintiff" or "Chosen Few"), by and through its attorneys Reitler Kailas & Rosenblatt LLP, as and for its complaint against Randy Ortiz Acevedo ("Defendant Ortiz"), Black Diamond Music I Corp. ("Defendant Black Diamond"), Carlos Cordero ("Defendant Cordero"), Defendant Nota Loca Music Corp. ("Defendant Nota Loca" and together with Defendant Ortiz, Defendant Black Diamond, and Defendant Cordero, the "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to the Copyright Act, 17 USC §101 et seq., 28 USC §§ 1331 and 1338(a).

2. Upon information and belief, each Defendant is subject to personal jurisdiction of the Court because it resides, has agents, does or transacts business, or is otherwise found, and has purposefully availed itself of the privilege of doing business in the State of New York and this District.

3. Venue lies in this district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this District and at the time of the commencement of this action, Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

4. Plaintiff Chosen Few Emerald Entertainment, Inc. is a New York corporation with its principal place of business located in Long Island City, New York.

5. Defendant Randy Ortiz Acevedo is an individual who, upon information and belief, resides in Miami, Florida and is managed by Black Diamond Music I Corp.

6. Defendant Black Diamond Music I Corp., upon information and belief, is a Florida corporation with its principal place of business located in Miami, Florida.

7. Defendant Carlos Cordero is an individual who, upon information and belief, resides in Doral, Florida. Upon information and belief, Defendant Cordero owns and is the President of Black Diamond Music I Corp. and has served as Defendant Randy Oritz Acevedo's manager.

8. Defendant Nota Loca Music Corp., upon information and belief, is a Florida corporation with its principal place of business located in Miami, Florida. Upon information and belief, Defendant Randy Ortiz Acevedo is the President of Nota Loca Music Corp.

## GENERAL ALLEGATIONS

### Plaintiff's Copyright Ownership

9. In November 2006, Plaintiff Chosen Few commercially released the sound recording entitled "Siente El Boom" (the "Recording") on a compilation album entitled "Chosen Few El Documental Part II."

10. The Recording has been duly registered with the United States Copyright Office (the "U.S. Copyright Office") and lists Plaintiff Chosen Few Emerald Entertainment, Inc. as its sole author. A true and correct copy of the Recording registration with the U.S. Copyright Office, SR0001028991, is attached hereto as Exhibit A.

11. The primary recording artist on the Recording was Tito El Bambino, an artist whose services were furnished by Urban Box Office, Inc. through EMI Records to Plaintiff. Defendant Ortiz was a "features artist" on the subject Recording.

12. Over the years, Defendant Ortiz has recorded over four recordings for Chosen Few as a "worker for hire" in each instance.

13. Per the terms of the Chosen Few Emerald Entertainment Certificate of Employment between Defendant Ortiz and Plaintiff Chosen Few dated November 15, 2006 (the "Certificate of Employment"), Plaintiff Chosen Few compensated Defendant Ortiz for the use of his vocals in the Recording. A true and correct copy of the Certificate of Employment is attached hereto as Exhibit B.

14. Defendant Ortiz contributed to the Recording as a "work for hire" employee. Plaintiff Chosen Few paid Defendant Ortiz a total sum of $5,000 for his vocal contribution to the Recording. As specifically stated in the Certificate of Employment:

> Artist [i.e., Defendant Ortiz], *for good and valuable consideration of [$5,000]* hereby expressly acknowledges, certifies and agrees that all of the results and proceeds of the services of every kind rendered by Artist in connection with the "sound recording (s)" created for the Project are and *shall be deemed works "made-for-hire"* in that (i) it is prepared within the scope of Company's employment of Artist hereunder and/or (ii) it constitutes a work specifically ordered by Company for use as a contribution to a collective work.

*See* Certificate of Employment (emphasis added).

15. The Certificate of Employment also stated that Plaintiff Chosen Few owned 100% of the rights pertaining to the Recording:

3

> ***Artist further acknowledges that all rights pertaining [to the Recording] are entirely the property of Company, its successor and assigns, absolutely and forever, for any and all copyright terms and all extensions and renewal terms of copyright and all rights therein now known or hereafter created and for all uses and purposes whatsoever and free from the payment of any royalty or compensation whatsoever, and credit may be given for the Composition to Artist in whole or in part, or not at all, in Company's sole discretion.*** Artist hereby grants to Company the right to issue and authorize publicity concerning Artist, and to use Artist's name, voice and likeness and biographical data in connection with the distribution, exhibition, advertising and exploitation of the master recordings produced during the Project and any derivations of such master recordings, including, without limitation, so-called music videos.

*See* Certificate of Employment (emphasis added). Accordingly, Defendant Ortiz has no ownership interest in the Recording and thus, cannot grant rights in or licenses to third parties with respect to the Recording.

16. Plaintiff Chosen Few also owns 100% of the copyright of the "Siente El Boom" composition (the "Composition"). As specifically stated in the Certificate of Employment:

> Artist acknowledges that Company is the owner of 100% of the Copyright in the Composition including without limitation administration rights by reason that the writing of the Composition was a work for hire commissioned by Company. Artist agrees that Company has no obligation to pay mechanical or other royalties to Artist which royalties Artist hereby waives.

17. Accordingly, since 2006, Plaintiff Chosen Few Emerald Entertainment, Inc. has been the sole owner of 100% of the copyright underlying each the Recording and the Composition.

18. Plaintiff Chosen Few Emerald Entertainment, Inc. is also the sole copyright owner of a derivative work of the Recording – the "Siente El Boom (Remix)" (the "Remix" and together with the Recording, the "Subject Works"). A true and correct copy of the Remix registration with the U.S. Copyright Office, SR1035212, is attached hereto as Exhibit C.

19. Per the terms of the Certificate of Employment, Plaintiff Chosen Few is also entitled to reasonable attorneys' fees and costs in bringing this action. As specifically stated in the Certificate of Employment:

4

> Artist agrees to hold Company and its successors, licensees and assigns harmless from and against all damages, losses, costs and expenses (including reasonable attorneys' fees and costs) which Company or any of its successors, licensees or assigns may suffer or incur by reason of the breach of any of the warranties made in this paragraph.

## **Defendants' False Representations**

20. Despite having no rights in the Recording or the Remix, Defendants Ortiz and Defendant Black Diamond have purportedly granted rights to a third-party entity to distribute the Subject Works.

21. In early 2025, Plaintiff learned that Defendant Ortiz and his representatives purportedly granted rights to the Subject Works to another music distribution company, The Orchard Enterprises, Inc. ("The Orchard").

22. Plaintiff's litigation counsel sent a demand letter to The Orchard on April 8, 2025, informing it that Defendant Ortiz has no rights to the Recording ("The Orchard Demand Letter"). A true and correct copy of The Orchard Demand Letter is attached hereto as Exhibit D.

23. On April 9, 2025, counsel for The Orchard emailed Plaintiff's counsel, informing them that Defendant Ortiz, through his then active company, B-Label, is asserting worldwide rights to the Recording and thus, Plaintiff should continue engagement directly with Defendant Ortiz and/or B-Label.

24. Upon information and belief, Defendants have still not: (a) disclaimed any right in the Subject Works; (b) taken the Subject Works down from any platforms, including SoundExchange and YouTube, and digital service providers in which Defendants are currently exploiting the Subject Works; or (c) frozen any payments relating to the commercial exploitation of the Subject Works.

25. In light of the above false representations by Defendants, upon information and belief, certain licensees and performing rights organizations have wrongfully paid monies belonging to Plaintiff to Defendants, causing Plaintiff to suffer damages.

26. Further, as Defendants have wrongfully claimed that they have distribution and/or ownership rights to the Subject Works, certain performing rights organizations have withheld payments of royalties, freezing any monies that properly belong to and should have been paid to Plaintiff but for Defendants' wrongful interference.

27. Upon information and belief, Defendants, through Defendant Nota Loca, are attempting to transfer, sell, or assign rights in the Subject Works to a third-party record label.

## COUNT I
## Copyright Infringement Under The Copyright Act
### (All Defendants)

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 above as if fully set forth herein.

29. Plaintiff is the 100% owner of the copyrights underlying each of the Subject Works (as shown in Exhibits A and C).

30. At all relevant times, Defendant Ortiz had knowledge of Plaintiff's ownership of the copyrights underlying each of the Subject Works, as such ownership was outlined in the Certificate of Employment.

31. At all relevant times, each of Defendant Black Diamond, Defendant Cordero, and Defendant Nota Loca had knowledge of Plaintiff's ownership of the copyright underlying each of the Subject Works, as Defendant Cordero served as the manager of Defendant Ortiz and knew that Defendant Ortiz did not have the rights that he was claiming, and Defendant Ortiz is the President of Defendant Nota Loca.

32. All of Defendants' acts and omissions set forth above were performed without the permission, license, authority or consent of Plaintiff.

33. Defendants' acts and omissions set forth above constitute acts of copyright infringement by Defendants of Plaintiff's copyrights in each of the Subject Works.

34. Upon information and belief, Defendants have knowingly, willfully, and intentionally infringed Plaintiff's exclusive rights under 17 U.S.C. §§ 106 and 501 through the unauthorized copying, licensing, reproduction and/or distribution of each of the Subject Works by Defendants and/or their affiliates, subsidiaries, agents, owned/managed/controlled entities and/or parent company, and/or predecessors-in-interest.

35. Defendants' infringements are willful and intentional inasmuch as Defendants were aware and had reason to believe that their acts constituted infringement of Plaintiff's copyrights in each of the Subject Works.

36. As a result of the willful and intentional conduct set forth above, Plaintiff is entitled to a permanent injunction prohibiting any further manufacture, sale, distribution, electronic transmission or other commercial exploitation of each of the Subject Works by Defendants.

37. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, of no less than $2,000,000.

38. Plaintiff has suffered and will continue to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants.

39. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, Plaintiff is entitled to actual damages pursuant to 17 U.S.C. § 504(b).

40. Pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover statutory damages as a result of acts of Defendants' infringement.

41. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to reasonable attorneys' fees and costs in bringing this action.

42. Plaintiff has no adequate remedy of law.

## COUNT II

### Declaratory And Injunctive Relief Pursuant To The Copyright Act
### (All Defendants)

43. Plaintiff repeats and alleges each and every allegation contained in paragraphs 1 through 42 hereof, as though fully set forth herein.

44. Plaintiff asserts that it is the true owner of the copyright underlying each of the Subject Works (as shown in Exhibits A and C).

45. At all relevant times, Defendants had knowledge of Plaintiff's ownership of the copyright underlying the Subject Works.

46. Plaintiff has lost business opportunities after third parties relied on Defendants' false representations that they possess copyright ownership in the Subject Works, not Plaintiff.

47. As a result of Defendants' false representations to third parties, there is a need for declaratory relief determining that Plaintiff, not Defendants, is the sole owner of the copyright underlying each of the Subject Works.

## COUNT III
### Tortious Interference
### (Defendant Black Diamond Music I Corp. and Defendant Carlos Cordero)

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 hereof, as though fully set forth herein.

49. Plaintiff asserts that it is the true owner of the copyrights underlying each of the Subject Works (as shown in Exhibits A and C).

50.　　At all relevant times, Defendant Black Diamond Music I Corp. and Defendant Carlos Cordero had knowledge of Plaintiff's copyright ownership underlying each of the Subject Works, as such ownership was outlined in the Certificate of Employment.

51.　　Despite this knowledge, Defendant Black Diamond Music I Corp. and Defendant Carlos Cordero made false representations to third parties in the music industry, including The Orchard, by informing them that Defendant Ortiz had ownership rights in each of the Subject Works, and The Orchard subsequently received payments from the commercial exploitation of the Subject Works (despite having no underlying copyright in the Subject Works).

52.　　As a result of Defendant Black Diamond Music I Corp.'s and Defendant Carlos Cordero's false representations to third parties like The Orchard, Plaintiff has been damaged because certain licensees and performing rights organizations have wrongfully paid monies to Defendant Black Diamond Music I Corp. instead of Plaintiff (as the 100% owner of the copyright underlying each of the Subject Works), causing Plaintiff to suffer extensive monetary damages.

## JURY DEMAND

53.　　Pursuant to Fed. R. Civ. P. Rule 38(b), Plaintiff demands a trial by jury on all issues properly triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chosen Few Emerald Entertainment, Inc. demands judgment against Defendants Randy Ortiz Acevedo, Black Diamond Music I Corp., Carlos Cordero, and Nota Loca Music Corp. as follows:

　　A.　　On Count I, an Order entering declaratory relief for Plaintiff, establishing that Plaintiff is the sole owner of the copyright underlying each of the Subject Works;

      B.      On Count II, (1) entry of a judgment that Defendants willfully infringed Plaintiff's registered copyrights in each of the Subject Works; (2) that Defendants be required to pay Plaintiff such actual damages Plaintiff has sustained in consequence of Defendants' infringements of Plaintiff's copyright in each of the Subject Works, and to account for and pay to Plaintiff all gains, profits and advantages derived by Defendants from their infringements of Plaintiff's copyright pursuant to 17 U.S.C. § 504, in an amount to be proven at trial; (3) that Defendants be required to pay Plaintiff statutory damages in consequence of Defendants' willful infringements of Plaintiff's copyright; (4) that, pursuant to 17 U.S.C. § 505, Defendants be required to pay Plaintiff its reasonable attorneys' fees and costs in bringing this action; (5) that Defendants, and each of their respective officers, agents and employees, and all persons acting in concert or participation with them, be enjoined both during the pendency of this action and permanently thereafter from copying, reproducing, distributing, or publicly performing the Subject Works, or any derivative work thereof without authorization from Plaintiff, or otherwise infringing Plaintiff's copyright in any manner, and from permitting, authorizing or causing others to do so; and (6) that Defendants be required to deliver to be impounded and destroyed all copies of the Subject Works, or any derivative work thereof in Defendants' custody or control;

      C.      On Count III, an award of damages against Defendant Black Diamond Music I Corp. and Defendant Carlos Cordero in favor of Plaintiff in an amount to be determined at trial, but no less than $2,000,000;

      D.      Awarding Plaintiff its costs and disbursements incurred in prosecuting this action, including, but not limited to, attorneys' fees; and

      E.      Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
          October 29, 2025

**REITLER KAILAS & ROSENBLATT LLP**

By: <u>/s/ Brian D. Caplan</u>
Brian D. Caplan
Anisha Mirchandani
885 Third Avenue, 20th Floor
New York, New York 10022
(212) 209-3050
bcaplan@reitlerlaw.com
amirchandani@reitlerlaw.com

*Attorneys for Plaintiff Chosen Few Emerald Entertainment, Inc.*